FILED

AUG 17 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HON. BARBARA L. MAJOR)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES JAKE HARRISON, and<br>NIAL MONTY COLEMAN,<br><br>Defendant. | MAG. CASE NO. 23mj2388-BLM<br>CRIM. CASE NO. 23cr1535-W<br><br>**ORDER TO ALLOW MATERIAL WITNESS VIDEOTAPED DEPOSITION** |

## ORDER

Pursuant to the motion of Material Witnesses, Brandon Dilan Navarrete Martinez. Guillermo Meza Gaona, and Juan Mario Rios Vejar ("Material Witnesses") through their attorney, Charlotte E. Deane, by appearance of the parties and their respective counsel, and **GOOD CAUSE APPEARING THEREFORE, IT IS HEREBY ORDERED THAT**:

1. Unless the Material Witness is previously released from the custody of both the U.S. Marshal and the United States Border Patrol, the Material Witness shall be deposed on 9/6/23 at 9 a.m./p.m. and continuing on as needed, at ____ a.m./p.m. The deposition will be held at the U.S. Attorney's Office located at 880 Front Street, Fifth Floor, San Diego, California. An

employee of the U.S. Attorney's Office shall serve as the digital disk recorder/video camera operator.

2. All parties, meaning the United States and Defendant(s), shall attend the material witness deposition. The arresting agency shall bring the Material Witness to the deposition and remain present during the proceedings. If the Defendant[s] are in custody, they shall be brought separately to each respective deposition and a Marshal shall remain present during the proceeding. If a defendant is not in custody and is not present, the defendant's appearance shall be made in absentia by his attorney of record.

3. The United States Attorney's Office ("U.S. Attorney's Office") shall provide a videotape operator ("operator") and, if necessary, arrange for a federally court-certified interpreter, or otherwise qualified interpreter (28 U.S.C. § 1827(2)), to be present for the Material Witnesses. The cost of the interpreter for the Material Witnesses shall be borne by the U.S. Attorney's Office.

4. If a defendant(s), represented by counsel appointed under the Criminal Justice Act ("CJA") needs an interpreter independent of the Material Witness' interpreter (if any), then defense counsel shall arrange for a federally court-certified interpreter, or otherwise qualified interpreter (28 U.S.C. § 1827(2)), to be present. The cost of a separate interpreter for the Defendant(s) shall be paid with CJA funds. Interpreters procured by Federal Defenders of San Diego, Inc. are paid with its funds.

5. The U.S. Attorney's Office shall arrange for a certified court reporter to be present. The court reporter shall stenographically record the testimony, serve as a notary, and preside at the deposition in accordance with Rule 28(a) of the Federal Rules of Civil Procedure. The cost of the court reporter and transcript shall be borne by the U.S. Attorney's Office.

6. The deposition shall be electronically video-recorded using a digital disk recorder, video camera, or other electronic device that records sound as well as visual images. At the conclusion of the deposition, on the record, the witness(es) or

any party may elect to have the witness(es) review the videotape record of the deposition to check for errors or omissions and to note any changes.  Any errors, omissions, or changes, and the reasons for making them, shall be stated in writing, signed by the witness(es), delivered to the notary in a sealed envelope and filed in the same fashion as described in Paragraph 17 below, unless the parties agree on the record to a different procedure.

7.   The digital disk recorder/video camera operator shall select and supply all equipment required to record the deposition, and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background.  The operator shall determine these matters in a manner that accurately reproduces the appearance of the witnesses and assures clear reproduction of each witness' testimony and the statements of counsel.  The witness, or any party to the action, may object on the record to the manner in which the operator handles any of these matters.  Any objections shall be considered by the Court in ruling on the admissibility of the video recording.  All such objections shall be deemed waived unless made promptly after the objector knows, or had reasonable grounds to know, of the basis for such objections.

8.   The deposition shall be recorded in a fair, impartial, and objective manner.  The video equipment shall be focused on the witness; however, the operator may, when necessary or appropriate, focus upon charts, photographs, exhibits, or like material being shown to the witness.

9.   Before examination of the witness begins, the Assistant U.S. Attorney shall state on the record: (a) his/her name; (b) the date, time, and place of the deposition; (c) the name of the witness; and (d) the identity of the parties and the names of all persons present in the deposition room.  The court reporter shall then swear the witness on the record.  Prior to any counsel beginning an examination of the witness, that counsel shall identify himself/herself and his/her respective client on the record.

10.   Once the deposition begins, the operator shall not stop the videotape recorder until the deposition concludes, except that any party or the witness may request

a brief recess, which request will be honored unless another party objects and specifies a good faith basis for the objection on the record. Each time the recording is stopped, the operator shall state on the record the time the recording stopped and the time it resumed. If the deposition requires the use of more than one recording, the operator shall sequentially identify on the record the end and beginning of each recording.

11. All objections both as to form and substance shall be recorded as if the objection had been overruled. The court shall rule on the objections at the appropriate time. The party raising the objection(s) shall prepare a transcript for the court to consider. All objections shall be deemed waived unless made during the deposition.

12. The party offering the deposition into evidence at trial shall provide the Court with a transcript of the portions so offered.

13. Copies of all exhibits utilized during the videotaped deposition shall be attached to the recorded record.

14. At the conclusion of each deposition, any objection, including the basis, to release of the Material Witnesses from custody shall be stated on the record. If there is no objection, the attorney for the Material Witnesses shall immediately serve all parties with a "Stipulation and Proposed Order for Release of the Material Witness(es)" and submit the Order to the Clerk of Court for the Judge's signature. Prior to release from custody, the attorney for the Government shall serve the Material Witnesses with a subpoena for the trial date and a travel fund advance letter.

15. Upon written request by any party, the digital disk recorder/ video camera operator shall provide a DVD copy of the recorded deposition to the requesting party. After preparing the requested DVD copies, if any, the digital disk recorder/video camera operator shall provide an original DVD or DVDs to the notary, along with a certificate signed by the digital disk recorder/video camera operator attesting that the DVD is an accurate and complete record of the deposition. The cost of duplicating and providing DVD copies shall be borne by the United States. The operator shall then deliver the DVD to the notary along with a certificate signed by the operator attesting that it is an accurate and complete recording of the

deposition. The notary shall file the original recording and certification with the Clerk of Court in a sealed envelope marked with the caption of the case, the name of the witness(es), and the date of the deposition.

16. The notary shall file with the Clerk of Court in a sealed envelope the original recording, along with any exhibits offered during the deposition. The sealed envelope shall be marked with the caption of the case, the name of the witness(es), and the date of the deposition. To that envelope, the notary shall attach the certificate of the operator. <u>If all counsel stipulate on the record, the Government may maintain the original recording until production is ordered by the Court or requested by any party</u>.

17. Unless waived by the parties, the notary shall give notice to all parties of the filing of the original recording with the Court pursuant to Federal Rule of Civil Procedure 30(f)(3).

18. If any party objects to the release of the Material Witness from custody, the objecting party must request in writing a hearing on the issue before the federal judge who is assigned the case or to such other district judge or magistrate judge as they designate. <u>Notice of the Request for Hearing must be served on all parties and filed with the Clerk of Court within twenty-four (24) hours after the completion of the deposition, with a courtesy copy to chambers</u>. The Court will set a briefing schedule, if appropriate, and a date and time for the objection to be heard as soon as reasonably practicable. At the hearing, the objecting party must establish to the Court's satisfaction an appropriate legal basis for the material witness(es) to remain in custody. If, after the hearing, the Court orders the release of the Material Witness, the Material Witness' attorney shall immediately present the release order to the Court for signature and filing. Before release of the Material Witness from custody, the Government shall serve the Material Witness with a subpoena for the trial date and a travel fund advance letter.

**IT IS SO ORDERED.**

Dated: 8/17/23

*/s/ Barbara L. Major*
BARBARA L. MAJOR
United States Magistrate Judge